IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY KELLY and AMIEE KELLY | : : : | CIVIL ACTION |
| v. | : : | NO. 15-4457 |
| PROGRESSIVE ADVANCED INSURANCE COMPANY | : : : | |

### MEMORANDUM OPINION

Savage, J.                                                                                          February 4, 2016

Plaintiffs Jeffrey and Amiee Kelly brought this action against defendant Progressive Advanced Insurance Company, their automobile insurance carrier, for failure to pay underinsured motorist benefits. They assert three causes of action: (1) breach of contract; (2) insurance bad faith under the Pennsylvania bad faith statute, 42 Pa.C.S. § 8371; and (3) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1 *et seq.* Progressive has moved to dismiss the statutory claims, arguing that the Kellys have failed to state a claim for bad faith and that the UTPCPL does not afford a remedy for a claim of failure to pay and investigate their claim.

### Factual and Procedural Background[1]

On August 4, 2010, the Kellys were injured when their vehicle was struck from behind by a drunk driver.[2] As a result of the accident, the Kellys suffered physical injuries,[3] incurred substantial medical expenses and lost wages.[4]

---

[1] The facts are recited from the complaint. For purposes of considering the motion to dismiss, we accept the facts alleged as true and draw all reasonable inferences from them in the Kellys' favor.

[2] Compl. ¶¶ 6, 8, 11, 15.

[3] *Id.* ¶ 15.

The Kellys settled their personal injury claims against the drunk driver for his policy liability limits.[5]  They then made a claim for underinsured motorist benefits with Progressive.  Progressive did not pay the claims.[6]  This action followed.

In their complaint, the Kellys assert causes of action for breach of contract, violation of Pennsylvania's bad faith statute, and violation of the UTPCPL. They seek compensatory damages, attorney fees, costs, and interest.  The Kellys allege that, in addition to breaching the insurance contract, Progressive acted in bad faith when it improperly denied coverage and failed to make a reasonable settlement offer.[7]  They also contend that Progressive acted in bad faith and violated the UTPCPL in failing to investigate their claims properly and disregarding documentation, including medical records.[8]

Progressive moves to dismiss the bad faith and UTPCPL claims.  It argues that the Kellys have failed to allege sufficient facts giving rise to a bad faith claim.  It also asserts that the UTPCPL does not apply to the handling of insurance claims.  Even if it did, Progressive contends, the Kellys have failed to allege justifiable reliance as required by the statute, and they failed to allege facts in support of a claim for misfeasance.

---

[4] *Id.* ¶¶ 15-18.  The complaint does not allege the nature of the Kellys' injuries or the amounts of their medical expenses or lost wages.

[5] *Id.* ¶ 27.

[6] *Id.* ¶¶ 23-24.

[7] *Id.* ¶ 28.

[8] *Id.* ¶¶ 29-30.

Progressive does not dispute the drunk driver's liability in the underlying accident or that the underinsured motorist provision applies.  Rather, it characterizes the Kellys' assertions as merely a dispute over the value of their claims.

### Standard of Review

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all well pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff.  *Powell v. Weiss*, 757 F.3d 338, 341 (3d Cir. 2014).  The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Although this standard "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

To survive a motion to dismiss, the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The plaintiff must allege facts that indicate "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  Pleading only "facts that are 'merely consistent with' a defendant's liability" is insufficient and cannot survive a motion to dismiss.  *Id.* (citing *Twombly*, 550 U.S. at 557).  With these standards in mind, we shall accept as true the facts as they appear in the Kellys' complaint and draw all possible inferences from those facts in their favor.

**Bad Faith**

The Pennsylvania bad faith statute creates a cause of action against an insurer for its bad faith in handling its insured's claim. *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 199-200 (Pa. 2007). Where an insurer had no reasonable basis for denying benefits, it may be liable for bad faith. *Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 498 (3d Cir. 2015) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994)). The insurer may also be liable for its failure to investigate a claim. *O'Donnell ex rel. Mitro v. Allstate Ins. Co.*, 734 A.2d 901, 906 (Pa. Super. 1999).

The Kellys allege that Progressive failed to pay their claims, make a reasonable settlement offer, investigate their claims properly, and consider medical and other documentation. These allegations suffice to state a claim under § 8371.

**UTPCPL**

To establish a claim under the UTPCPL, a plaintiff must prove: (1) he or she purchased or leased goods or services; (2) the goods or services were primarily for personal, family or household purposes; and (3) the plaintiff suffered an ascertainable loss as a result of the defendant's unlawful, deceptive act. 73 P.S. § 201-9.2(a). The plaintiff must show that the loss was caused by his or her justifiable reliance on the deceptive conduct. *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3d Cir. 2008) (citing *Schwartz v. Rockey*, 932 A.2d 885, 897 n.16 (Pa. 2007); *Toy*, 928 A.2d at 202; *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004)).

The insurance bad faith statute applies to post-contract formation conduct. The UTPCPL, on the other hand, applies to conduct surrounding the insurer's pre-formation conduct. The UTPCPL applies to the sale of an insurance policy. It does not apply to

the handling of insurance claims.  *Gibson v. Progressive Specialty Ins. Co.*, No. 15-1038, 2015 WL 2337294, at *4 (E.D. Pa. May 13, 2015).  Rather, § 8371 provides the exclusive statutory remedy applicable to claims handling.  *Id.*; *Bodnar v. State Farm Mut. Ins. Co.*, No. AR08-001337, slip op. at 2 (C.P. Allegheny Oct. 21, 2008).  Hence, an insured cannot bring an action under the UTPCPL based on the insurer's failure to pay a claim or to investigate a claim.  *Nordi v. Keystone Health Plan W., Inc.*, 989 A.2d 376, 385 (Pa. Super. 2010); *Horowitz v. Fed. Kemper Life Assur. Co.*, 57 F.3d 300, 307 (3d Cir. 1995) (citing *Gordon v. Pa. Blue Shield*, 548 A.2d 600, 604 (Pa. Super. 1988)).

## Conclusion

The Kellys have stated a bad faith claim under § 8371.  They have not stated a claim under the UTPCPL.  Therefore, we shall grant in part and deny in part Progressive's motion.